UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
TATYANA HINCAPIE and
OSCAR A. HERNANDEZ PEREZ,

        Plaintiffs,

  -against-

STARTING FIVE, INC. d/b/a MIKEY'S BURGER,
JUSTIN AHEARN, Individually, and
KEVIN AHEARN, Individually,

        Defendants.
------------------------------------------------------------------------------X

**COMPLAINT**

**Docket No.**

Jury Trial Demanded

  Plaintiffs TATYANA HINCAPIE ("Ms. Hincapie") and OSCAR A. HERNANDEZ PEREZ ("Mr. Hernandez") (collectively, "Plaintiffs"), by and through their attorneys, Joseph & Norinsberg, LLC, bring this complaint against defendants STARTING FIVE, INC. d/b/a MIKEY'S BURGER, ("Mikey's Burger"), JUSTIN AHERN, individually, and KEVIN AHEARN, individually (collectively, "Defendants"), alleging as follows:

## NATURE OF CASE

  1. This is an action for money damages, brought by Plaintiffs to seek redress for Defendants' blatant violations of Plaintiffs' rights as employees, pursuant to federal and state law, to be lawfully compensated in the workplace.

  2. This action is based upon Defendants' violations of rights guaranteed to Plaintiffs by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), N.Y. Lab. Law § 160, and the New York Wage Theft Prevention Act ("NYWTPA"); (iii) the minimum wage provisions of New

1

York Labor Law, § 650 *et seq.*; (iv) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of information, under the N.Y. Lab. Law §§ 195(3) and 198 and the NYWTPA; and (v) the spread of hours requirement as contained in New York State regulation 12 NYCRR § 142 *et seq.*

3.  Specifically, Plaintiffs bring this action to seek redress for Defendants' willful and blatant violation of Federal and New York state wage and overtime laws by: (a) failing to compensate Plaintiffs the minimum wage during relevant periods; (b) failing to compensate Plaintiffs for their overtime hours at the statutory time-and-a-half rate; (c) routinely requiring Plaintiffs to work more than 10 hours a day, without compensating them for an extra hour at the prevailing minimum wage rate, in violation of New York's spread-of-hours provision; (d) failing to provide Plaintiffs proper wage notices at the beginning of their employment; and (e) failing to provide proper wage statements at any time during their employment.

## JURISDICTION AND VENUE

4.  This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 in that this is a civil action that arises under the Constitution, laws, or treaties of the United States.

5.  The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), which confers jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

6.  Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) (2), as all actions comprising the claims for relief occurred within this judicial district, and pursuant to 28 U.S.C. § 1391(b) (1), as one or more of the Defendants resides within this judicial district.

## JURY DEMAND

7. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

8. At all relevant times, herein, Plaintiff Tatyana Hincapie was and is a resident of the City of East Amherst, County of Erie, State of New York, and is an "individual" as well as an "employee" entitled to protection as defined by the FLSA, NYLL, and the NYWTPA.

9. At all relevant times, herein, Plaintiff Oscar A. Hernandez Perez was and is a resident of Kings County, in the City and State of New York, and is an "individual" as well as an "employee" entitled to protection as defined by the FLSA, NYLL, and the NYWTPA.

10. At all relevant times, Defendant Starting Five, Inc., d/b/a Mikey's Burger, was and is a corporation with its principal place of business located at 134 Ludlow Street, in the County, City and State of New York.

11. At all relevant times, Defendant Starting Five, Inc., d/b/a Mikey's Burger, was and is a corporation registered to do business in the State of New York.

12. At all relevant times, Defendant Kevin Ahearn was and is a resident of Freehold Township, Monmouth County, State of New Jersey, and was and is the Chief Executive Officer ("CEO") of Defendant Starting Five, Inc., d/b/a Mikey's Burger.

13. At all relevant times, Defendant Justin Ahearn had and has an ownership interest in Starting Five, Inc. d/b/a Mikey's Burger.

14. At all relevant times, Defendants were and are "employers" and "persons" within the meaning of the FLSA and NYLL. Additionally, Defendants' qualifying annual business revenue exceeds $500,000.00 and the Defendants are engaged in interstate commerce within the

meaning of the FLSA, the combination of which subjects the Defendants to the FLSA's overtime requirements. Furthermore, all of Defendants' employees, including Plaintiffs, are individually engaged in interstate commerce by handling goods that have been and continue to be moved in interstate commerce in the course of their employment. This independently subjects Defendants to the overtime requirements of the FLSA.

15. At all relevant times, Defendant Justin Ahearn was responsible for and controlled Plaintiffs' rates of pay, work schedules, job duties, and all other terms and conditions of their employment.

16. At all relevant times, Defendants Kevin Ahearn was responsible for and controlled Plaintiffs' rates of pay, work schedules, job duties, and all other terms and conditions of their employment.

17. At all relevant times, Ms. Hincapie worked for Defendants at 134 Ludlow Street, in the County, City and State of New York, and was an "employee" under the FLSA, NYLL and NYWTPA.

18. At all relevant times, Mr. Hernandez worked for Defendants at 134 Ludlow Street, in the County, City and State of New York and was an "employee" under the FLSA, NYLL and NYWTPA.

## PRELIMINARY STATEMENT

19. This action seeks redress for Defendants' willful violation of Federal and State laws regarding overtime compensation and proper wage rates. Specifically, during Plaintiffs' tenure at Mikey's Burgers, Plaintiffs consistently worked well over 40 hours each week, often performing extra duties because Mikey's Burger was understaffed, and yet they never received the statutorily

mandated overtime pay they earned for the hours that they worked over 40 each week. Moreover, Defendants failed to pay Plaintiffs the statutorily mandated minimum wage.

## STATEMENT OF FACTS

20.     Defendant Starting Five, Inc. d/b/a Mikey's Burger operates a restaurant at 134 Ludlow Street, in the County, City and State of New York.

21.     Defendant Justin Ahearn is an owner of Starting Five, Inc., d/b/a Mikey's Burger.

22.     Defendant Kevin Ahearn is the Chief Executive Officer of Starting Five, Inc., d/b/a Mikey's Burger.

23.     Defendants Justin and Kevin Ahearn are responsible for the day-to-day operations of Mikey's Burger and retain decision-making authority as to all personnel matters.

24.     Defendants willfully failed to pay Plaintiffs their lawful wages, as required under applicable Federal and State law.

**The Allegations of Ms. Hincapie**

25.     Mikey's Burgers hired Ms. Hincapie as a cashier in or about October, 2015.

26.     Upon Ms. Hincapie's hire, Mikey's Burger agreed to compensate Ms. Hincapie at the rate of $8.00 per hour.

27.     During Ms. Hincapie's tenure at Mikey's Burger, she was an excellent addition to the company and performed exemplary work.

28.     Ms. Hincapie's primary duties consisted of setting up napkins and condiments, welcoming and greeting customers, answering the phone, taking orders, processing customer payments, cleaning, and responding to customer complaints.

29. Because Mikey's Burger was significantly understaffed, Mikey's Burgers tasked Ms. Hincapie with doing a large volume of work and routinely required her to work well beyond forty (40) hours per week.

30. Consequently, from the start and throughout her employment, Ms. Hincapie consistently worked fifty-five to sixty (55-60) hours per week.

31. Ms. Hincapie usually worked seven days per week but occasionally had Sundays off. She would begin working at approximately 7:00 p.m. and would typically work until 3:00 to 5:00 the following morning.

32. Despite this excessive work schedule, Mikey's Burger repeatedly and deliberately failed to adequately compensate Ms. Hincapie in compliance with Federal and State laws.

33. Although Mikey's Burger compensated Ms. Hincapie at her regular rate for the hours she worked each week over forty (40), Mikey's Burger failed to pay the *mandatory* "time-and-a-half" (one-and-one-half times the standard hourly rate) that Mikey's Burger was required to pay Ms. Hincapie under both Federal and State law.

34. Mikey's Burger also failed to pay Ms. Hincapie the minimum wage required under Federal and State law throughout her employment.

35. In or around July of 2016, Ms. Hincapie resigned after months of not being lawfully compensated by Defendants.

**The Allegations of Mr. Hernandez**

36. Mikey's Burgers hired Mr. Hernandez as a food preparer in or about February, 2014.

37. Upon Mr. Hernandez's hire, Mikey's Burger agreed to compensate Mr. Hernandez at the rate of $7.50 per hour. Approximately one year later, Mr. Hernandez's rate of pay was raised to $9.00 per hour.

38. During Mr. Hernandez's tenure at Mikey's Burger, he was an excellent addition to the company and performed exemplary work.

39. Mr. Hernandez's primary duties consisted of opening the restaurant for business, cleaning, receiving deliveries, and slicing vegetables, cheeses, and meats.

40. Because Mikey's Burger was significantly understaffed, Mikey's Burgers tasked Mr. Hernandez with doing a large volume of work and routinely required him to work well beyond forty (40) hours per week.

41. Consequently, from the start and throughout his employment, Mr. Hernandez consistently worked over sixty (60) hours per week.

42. Mr. Hernandez usually worked Wednesdays through Mondays. He would begin working at approximately 8:00 a.m. and would work until 7:30, 8:00, or 9:00 p.m.

43. Despite this excessive work schedule, Mikey's Burger repeatedly and deliberately failed to adequately compensate Mr. Hernandez in compliance with Federal and State laws.

44. Although Mikey's Burger compensated Mr. Hernandez at his standard hourly rate for the hours he worked each week over forty (40), Mikely's Burger failed to pay the *mandatory* "time-and-a-half" (one-and-one-half times the standard hourly rate) that Mikey's Burger was required to pay Mr. Hernandez under both Federal and State law.

45. Mikey's Burger also failed to pay Mr. Hernandez the minimum wage required under Federal and State law during a portion of his employment.

46. In or around May of 2016, Mr. Hernandez resigned after months of not being lawfully compensated by Defendants.

47. At no time during their employment did Defendants compensate Plaintiffs at the mandatory rate of a time-and-a-half for the hours they worked over forty each work week.

48. At no time during Plaintiffs' employment did Defendants provide Plaintiffs with written notifications of their hourly rates, including overtime rates and regular pay day, as well as how Plaintiffs would be paid (i.e. per hour shift, etc.), in violation of the NYWTPA.

49. At no time during Plaintiffs' employment did Defendants provide Plaintiffs with pay stubs that accurately reflected the hours Plaintiffs worked, their hourly rates, including overtime rates, in further violation of the New York City Wage Theft Prevention Act.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*(Federal Overtime Violations)*

50. Plaintiffs repeat, reiterate, and reallege each allegation set forth above with the same force and effect as if more fully set forth herein.

51. Plaintiffs were required to work more than forty (40) hours per week without being compensated for those hours at the statutorily required rate of one-and-one-half (1 ½) times their regular rates of pay.

52. These practices were willful and lasted for the duration of all relevant time periods.

53. These practices were in violation of the FLSA.

54. Because of the foregoing, Plaintiffs are entitled to recover all their unpaid overtime wages, as well as an amount equal to their unpaid wages as liquidated damages, and the reasonable attorney's fees and costs of this action. 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*(Unpaid Overtime under the NYLL and NYCCRR)*

55. Plaintiffs repeat, reiterate and reallege each allegation set forth above with the same force and effect as if more fully set forth herein.

56. N.Y. Lab. Law § 160 and NYCCRR tit. 12, § 142-2.2 require employers to compensate their employees at a rate not less than one-and-one-half times their regular rate for any hours exceeding forty in a workweek.

57. As described above, Defendants are "employers" within the meaning of the NYLL while Plaintiffs are "employees" within the meaning of the NYLL.

58. As also described above, Plaintiffs frequently worked more than forty hours per week, yet the Defendants failed to compensate Plaintiffs in accordance with the NYLL's and NYCCRR's overtime provisions.

59. Defendants' actions were in willful violation of the NYLL §§ 650 *et seq*. and NYCCRR, and lasted for the duration of all relevant time periods.

60. Because of the foregoing, Plaintiffs are entitled to the difference between those amounts that the Defendants paid to them and the amounts which they were legally due under the NYLL's and NYCCRR's overtime provisions.

61. Plaintiffs are also entitled to liquidated damages and attorneys' fees for the Defendants' violation of the NYLL's and NYCCRR's overtime provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*(Failure to Furnish Proper Wage Statements in Violation of the NYLL and NYWTPA)*

62. Plaintiffs repeat, reiterate and re-allege each allegation set forth above with the same force and effect as if more fully set forth herein.

63.  N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing specific enumerated criteria on each occasion when the employer pays wages to the employee.

64.  As described above, the Defendants willfully failed to furnish Plaintiffs with wage statements containing the criteria required under the NYLL and NYWTPA.

65.  Pursuant to N.Y. Lab. Law § 198(1-d), the Defendants are liable to Plaintiffs in the amount of $250 for each failure of this sort, plus costs, attorneys' fees, and additional damages.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*(Failure to Pay Minimum Wage in Violation of the NYLL Art. 19 § 652)*

66.  Plaintiffs repeat, reiterate and re-allege each allegation set forth above with the same force and effect as if more fully set forth herein.

67.  N.Y. Lab. Law § 652 requires that every employer pay each of its employees, at a rate not less than $8.75 per hour on and after December 31, 2014, and not less than $9.00 on and after December 31, 2015.

68.  As described above, the Defendants willfully failed to compensate Plaintiffs at the minimum wage during their employment.

69.  Pursuant to N.Y. Lab. Law § 652, the Defendants are liable to Plaintiffs for the full amount of the underpayment, liquidated damages, reasonable attorney's fees and all other statutory costs, penalties, and sanctions.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*(Violation of 12 N.Y.C.R.R. § 142-2.4 – Spread of Hours)*

70.  Plaintiffs repeat, reiterate, and re-allege each allegation set forth above with the same force and effect as if more fully set forth herein.

71. Plaintiffs were routinely required to work more than ten (10) hours a day, without being compensated for the legally mandated spread-of-hours pay.

72. These practices were willful and lasted for the duration of the relevant time periods.

73. This practice is in violation of 12 N.Y.C.R.R. § 142-2.4.

74. By reason of the foregoing, the Defendants are liable in an amount to be determined at trial, plus liquidated damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against the Defendants as follows:

1. Preliminary and permanent injunctions against the Defendants and their officers, owners, agents, successors, employees, representatives, and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

2. A judgment declaring that the practices complained of herein are unlawful and in violation of the laws of the United States, New York State, and New York City.

3. An order restraining Defendants from any retaliation against Plaintiffs for participation in any form in this litigation;

4. Damages which Plaintiffs have sustained because of Defendants' conduct, including all unpaid wages and any short-fall between wages paid and those due under the law, employee benefits that he would have received but for the Defendants' conduct, and out-of-pocket losses that Plaintiffs have incurred due to the Defendants' conduct;

5. Liquidated damages as recoverable under the FLSA and New York Labor Law;

6. Awarding Plaintiffs costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

7. Pre-judgment and post-judgment interest, as provided by law; and granting Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: New York, New York
September 13, 2017

                                            Respectfully Submitted,

                                            JOSEPH & NORINSBERG, LLC.

By: _____
                                            BENNITTA JOSEPH, ESQ.
                                            225 Broadway, Suite 2700
                                            New York, NY 10007
                                            Tel. (212) 227-5700
                                            Fax. (212) 406-6890
                                            *Attorneys for Plaintiffs*